**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.E. L.L.,<br>Petitioner,<br>v.<br>MINGA WOFFORD, et al.,<br>Respondents. | Case No. 1:26-cv-01464 JLT FJS<br>A- No. 240-159-856<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE CASE<br>(Doc. 13) |

L.E. L.L.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See generally* Doc. 1.) Respondents assert that Petitioner is subject to mandatory detention and not entitled to relief as he previously received a bond hearing. (Doc. 9.)

The magistrate judge rejected Respondent's position that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b) an "applicant for admission," noting Petitioner had entered the United States without inspection in May 2023 and "eventually settled in Albany, New York, where he lived for more than two years." (Doc. 10 at 1; *see also id.* at 3-4.) The magistrate judge found that as a result, Petitioner is instead subject to discretionary detention under 8 U.S.C. § 1226(a). (*Id.* at 4.)

[1] The Court granted Petitioner's motion to proceed under a pseudonym on July 2, 2026. (Doc. 13.)

The magistrate judge noted that Petitioner received a bond hearing on August 28, 2025, and considered whether he was entitled to a second hearing. (Doc. 10 at 3, 4.) The magistrate judge noted the Ninth Circuit applied the test identified in *Mathews v. Eldridge*, 424 U.S. 391 (1976) to evaluate whether a petitioner should receive a second bond hearing in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022). (*Id.* at 4.) The magistrate judge found the *Mathews* test was also appropriate here, as Petitioner is subject to the same detention authority as Rodriguez Diaz. (*Id.*) The magistrate judge considered the *Mathews* factors and found they "do not weigh in favor of ordering a second hearing." (*Id.* at 7; *see also id.* at 5-7.) The magistrate judge recommended the Court dismiss the petition. (*Id.*)

Petitioner objects to the Findings and Recommendations. (Doc. 14.) He challenges the application of the *Mathews* factors, arguing that they weigh in his favor and support a new bond hearing. (*Id.* at 4-6.) Petitioner maintains that he is entitled to a new bond hearing where the Government bears the burden of proof. (*Id.* at 7-8.) Specifically, Petitioner contends that he "is entitled to a new individualized bond hearing" and "a current custody determination based on the specific duration and circumstances of his detention." (*Id.* at 9, 10.)

The Court finds Petitioner's circumstances are similar to the circumstances considered by the Ninth Circuit in *Rodriguez Diaz*, as the magistrate judge found. In *Rodriguez Diaz*, the Court observed that "by the time of the district court decision, Rodriguez Diaz was detained for fourteen months following his first bond hearing." *Id.*, 53 F.4th at 1207. Despite having "a legitimate and reasonably strong private liberty interest under *Mathews*"—as Petitioner argues here that he possesses— the Court found the factors weighed against finding Rodriguez Diaz suffered a due process violation. *See id.*, 53 F.4th at 1207; *see also id.* at 1207-1214. Consistent with the analysis in *Rodriguez Diaz*, the magistrate judge did not err in finding the second and third *Matthews* factors weigh against Petitioner receiving a second bond hearing.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Petitioner does not show a due process violation, and dismissal is appropriate. *See Rodrigue Diaz*, 53 F.4th at 1214 (remanding to the district court

with instructions to dismiss the petition). Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 13) are **ADOPTED**.
2. The petition is **DISMISSED** without prejudice.
3. Respondents' motion (Doc. 9) is terminated as **MOOT**.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _October 16, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE